## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND** ) | |
| **ETHICS IN WASHINGTON** ) | |
| 1400 Eye Street, N.W. ) | |
| Suite 450 ) | |
| Washington, DC 20005, ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| v. ) | Civil Action No. |
|  ) | |
| **DEPARTMENT OF HOMELAND SECURITY** ) | |
| Washington, DC 20528, ) | |
|  ) | |
| Defendant. ) | |

### COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202, for injunctive, declaratory and other appropriate relief. Plaintiff seeks the expedited processing and release of records concerning the construction of the U.S.-Mexico border fence that plaintiff requested from defendant Department of Homeland Security and its component, U.S. Customs and Border Protection. Because the requested records involve a matter of substantial public interest, and there is an "urgency to inform the public" about the border fence, plaintiff is statutorily entitled to the expedited treatment it seeks. Notwithstanding that entitlement, defendant has failed to respond to plaintiff's requests within the generally applicable statutory time limit for response to *any* FOIA request.

### Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) & 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

3. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the right of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials. CREW seeks to empower citizens to have an influential voice in government decisions and in the governmental decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

4. Defendant Department of Homeland Security ("DHS") is a Department of the Executive Branch of the United States Government. DHS is an "agency" within the meaning of 5 U.S.C. § 552(f). U.S. Customs and Border Protection ("CBP") is a component of defendant DHS.

## The U.S.-Mexico Border Fence and the Controversy Surrounding Defendant DHS's Designation of its Proposed Location

5. In the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Congress directed the Executive Branch to build physical barriers at the U.S.-Mexico border in order to deter illegal immigration. IIRIRA § 102(a); Pub. L. No. 104-208, 8 U.S.C. § 1103 Note. The first such barrier was to be constructed "along the 14 miles of the international land border of the United States, starting at the Pacific Ocean and extending eastward" in the vicinity of San Diego. *Id.* § 102(b)(1). In October 2006, the IIRIRA was amended by the Secure Fence Act, which identifies five specific areas where 700 miles of border fencing is authorized for construction, including portions of the border located in Texas. Pub.L. No. 109-367 (Oct. 26, 2006).

6. Decisions concerning the proposed location of the border fence in Texas have been controversial, and there have been allegations that wealthy and well-connected landowners have influenced the siting process. One published article asserted that land owned by Ray L. Hunt will be bypassed by the construction project, amid suspicions of undue influence. As the article states,

> Dallas billionaire Ray L. Hunt and his relatives are one of the wealthiest oil and gas dynasties in the world. Hunt, a close friend of President George W. Bush, recently donated $35 million to Southern Methodist University to help build Bush's presidential library. In 2001, Bush made him a member of the Foreign Intelligence Advisory Board, where Hunt received a security clearance and access to classified intelligence.

Melissa Del Bosque, Holes in the Wall; Homeland Security Won't Say Why the Border Wall is Bypassing the Wealthy and Politically Connected, *The Texas Observer*, February 18, 2008.

### Plaintiff's FOIA Requests and Requests for Expedited Processing

7. By letters dated March 17, 2008, and delivered by facsimile and U.S. Mail to defendant DHS and its component CPB, plaintiff requested under the FOIA the following agency records (including, but not limited to, electronic records and information, audiotapes, videotapes and photographs) concerning the U.S.-Mexico border fence:

> a) [A]ny and all records dating from January 20, 2001 to the present reflecting communications concerning Ray L. Hunt, Hunt Consolidated, Inc. and any properties known to be owned by Ray L. Hunt and/or Hunt Consolidated, Inc., and the construction of fencing along the border between the U.S. and Mexico; and

> b) [A]ll records discussing or reflecting where fencing should be constructed along the U.S. border with Mexico.

8. On information and belief, defendant DHS and its component CPB received plaintiff's letters described in ¶ 10 by facsimile on March 17, 2008.

9. In its letters to defendant DHS and its component CPB dated March 17, 2008, plaintiff requested expedited processing of the FOIA requests described in ¶ 10. Plaintiff's requests were

in conformance with the requirements for such requests set forth in defendant DHS's regulations.

Plaintiff stated that its FOIA requests meet the criteria for expedited processing under defendant

DHS's regulations, 6 CFR § 5.5(d)(1)(ii), because they pertain to a matter about which there is

an "urgency to inform the public about an actual or alleged federal government activity," and the

requests are made by "a person primarily engaged in disseminating information."

10.  In support of its requests for expedited processing of its FOIA requests, plaintiff

noted that

> There exists an urgent need to inform the public about federal government activity
> in deciding which locations are selected for the construction of fences along the
> border between the United States and Mexico.  Once fence construction locations
> have been selected and fences built, it will be difficult, if not impossible, for such
> decisions to be reversed.  The selection of such locations has been the topic of
> frequent public commentary and discussion. (citing news coverage).

11.  In further support of its requests for expedited processing of its FOIA requests,

plaintiff provided DHS and CBP documentation demonstrating that plaintiff is "primarily

engaged in disseminating information."

### Defendant's Failure to Respond to Plaintiff's Requests for Expedited Processing or to the Underlying FOIA Requests

12. To date, defendant DHS and its component CBP  have not responded to plaintiff's

requests for expedited processing of its FOIA requests, notwithstanding the statutory requirement

of a response within ten calendar days.  Defendant DHS and its component CBP have also failed

to respond to plaintiff's underlying FOIA requests, notwithstanding the statutory requirement of

a response within twenty working days.

13.  Plaintiff has exhausted the applicable administrative remedies.

14.  Plaintiff is entitled to expedited processing of its FOIA requests under the standards

contained in the FOIA and defendant DHS's regulations.

15. Defendant DHS and its component CBP have wrongfully withheld the requested

records from plaintiff.

## CAUSES OF ACTION

### First Cause of Action

### Violation of the Freedom of Information Act for
### Failure to Timely Respond to Request for Expedited Processing

16. Plaintiff repeats and realleges paragraphs 1-15.

17. The failure of defendant DHS and its component CBP to timely respond to plaintiff's requests for expedited processing violates the FOIA, 5 U.S.C. § 552(a)(6)(E)(ii), and defendant DHS's own regulation promulgated thereunder, 6 CFR § 5.5(d)(4).

### Second Cause of Action

### Violation of the Freedom of Information Act for
### Wrongful Withholding of Agency Records

18. Plaintiff repeats and realleges paragraphs 1-15.

19. Defendant DHS and its component CBP have wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for the processing of FOIA requests.

### Requested Relief

WHEREFORE, plaintiff prays that this Court:

A. Order defendant DHS and its component CBP to complete the processing of plaintiff's FOIA requests submitted to DHS and CBP on March 17, 2008, immediately;

B. Issue a declaration that plaintiff is entitled to expedited processing of its FOIA requests submitted to DHS and CBP on March 17, 2008;

C. Provide for expeditious proceedings in this action;

D. Retain jurisdiction of this action to ensure that the processing of plaintiff's FOIA requests is expedited and that no agency records are wrongfully withheld;

E.  Award plaintiff its costs and reasonable attorneys fees incurred in this action; and

F.  Grant such other relief as the Court may deem just and proper.


Respectfully submitted,


DAVID L. SOBEL, D.C. Bar No. 360418
1875 Connecticut Avenue, N.W.
Suite 650
Washington, DC 20009
(202) 246-6180

ANNE L. WEISMANN, D.C. Bar No. 298190
MELANIE SLOAN, D.C. Bar No. 434584
Citizens for Responsibility and
  Ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
(202) 408-5565

Counsel for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Citizens for Responsibility and Ethics in Washington | Department of Homeland Security |

| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) | DC | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **(IN U.S. PLAINTIFF CASES ONLY)** NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|---|

| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) David L. Sobel, 1875 Connecticut Ave., NW, Suite 650, WDC 20009, 202-246-6180 | ATTORNEYS (IF KNOWN) |
|---|---|

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 2 U.S. Government Defendant

○ 3 Federal Question (U.S. Government Not a Party)

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

**Any nature of suit from any category may be selected for this category of case assignment.**

***(If Antitrust, then A governs)***

○ **E.** *General Civil (Other)*    OR    ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ⊙ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General**<br>☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment**<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ **895 Freedom of Information Act**<br>☐ **890 Other Statutory Actions**<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans**<br>(excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act**<br>☐ **720 Labor/Mgmt. Relations**<br>☐ **730 Labor/Mgmt. Reporting & Disclosure Act**<br>☐ **740 Labor Railway Act**<br>☐ **790 Other Labor Litigation**<br>☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)**<br>☐ **443 Housing/Accommodations**<br>☐ **444 Welfare**<br>☐ **440 Other Civil Rights**<br>☐ **445 American w/Disabilities-Employment**<br>☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance**<br>☐ **120 Marine**<br>☐ **130 Miller Act**<br>☐ **140 Negotiable Instrument**<br>☐ **150 Recovery of Overpayment & Enforcement of Judgment**<br>☐ **153 Recovery of Overpayment of Veteran's Benefits**<br>☐ **160 Stockholder's Suits**<br>☐ **190 Other Contracts**<br>☐ **195 Contract Product Liability**<br>☐ **196 Franchise** | ☐ **441 Civil Rights-Voting**<br>(if Voting Rights Act) |

**V. ORIGIN**
⊙ **1 Original Proceeding**   ○ **2 Removed from State Court**   ○ **3 Remanded from Appellate Court**   ○ **4 Reinstated or Reopened**   ○ **5 Transferred from another district (specify)**   ○ **6 Multi district Litigation**   ○ **7 Appeal to District Judge from Mag. Judge**

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
FOIA, 5 U.S.C. § 552, wrongful withholding of agency records

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** _____   **JURY DEMAND:**   Check YES only if demanded in complaint   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  6/18/08   SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

---

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.