UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>            Plaintiff,<br><br>      v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>            Defendant. | Civil Action No. 08-1046 (JDB) |

## ANSWER

The United States Department of Homeland Security ("DHS") and its component United States Customs and Border Protection ("CBP") hereby answer Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over the Complaint because Plaintiff has failed to exhaust its administrative remedies.

### SECOND DEFENSE

The Complaint is moot.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### FOURTH DEFENSE

Answering the separate paragraphs of Plaintiff's Complaint, DHS and CBP state as follows:

1.      This paragraph contains Plaintiff's characterizations of this lawsuit to which no

response is required. To the extent that a response is required, DHS and CBP deny that Plaintiff has exhausted its administrative remedies and that DHS has improperly withheld any agency records and avers the Complaint is moot.

2. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, DHS and CBP admit the paragraph, but deny that Plaintiff has exhausted its administrative remedies and that DHS and CBP have improperly withheld any agency records, and avers that the Complaint is moot.

3. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

4. Admitted.

5. This paragraph contains Plaintiff's characterization of subsections of a federal statute, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, to which the Court is respectfully referred for a complete and accurate statement of its contents.

6. DHS and CBP admit that the referenced article was published in *The Texas Observer* on February 18, 2008. The remainder of this paragraph contains Plaintiff's characterizations of the referenced article to which no response is required. To the extent a response is required, Defendants deny that Plaintiff's characterizations are accurate.

7. This paragraph characterizes Plaintiff's FOIA request sent to both DHS and CBP on March 17, 2008 (The request received by CBP is attached hereto as Exhibit A).

The Court is respectfully referred to Exhibit A for a full and complete statement of its contents. Subsequent to the filing of Plaintiff's Complaint, the parties conferred on July 8, 2008 in order to narrow the terms of the request due to the fact that there are voluminous responsive records.[1]  The following new terms of the request were agreed to by the parties on July 15, 2008:

(1)   Any and all records, regardless of format, dating from January 20, 2001 to the present reflecting communications concerning Ray L. Hunt, Hunt Consolidated, Inc., or any properties known to be owned by Ray L. Hunt and/or Hunt Consolidated, Inc., and the construction of fencing along the border between the U.S. and Mexico, including, but not limited to, input sought or received from Mr. Hunt and/or Hunt Consolidated on border fence construction;

(2)   Any and all records, regardless of format, concerning deliberations, standards, and criteria encompassing the decision-making process surrounding where SBI fencing should be constructed along the U.S. border with Mexico.  This request excludes any records relating to fencing done prior to the inception of the Secure Border Initiative (i.e., pre-existing OBP fencing), as well as any procurement and contract-related records, with the

---

[1] In the discussion with Plaintiff on July 8, 2008, both parties discussed setting up a proposed release schedule.  Defendant is currently working on one now and intends to confer with Plaintiff in the near future as to the timing of a release schedule.

    exception of records referencing the rationale for any changes in SBI-related fence location.

8. DHS denies having received the March 17, 2008 request. CBP admits receiving it.

9. Denied, except to admit that Plaintiff requested expedited processing.

10. Denied, except to admit that Plaintiff requested expedited processing.

11. This is Plaintiff's characterization of what was set forth in the March 17, 2008 FOIA request, to which the Court is respectfully referred for a complete and accurate statement of its contents (Exhibit A).

12. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, DHS and CBP deny the allegations in this paragraph.

13. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, DHS and CBP deny the allegations in this paragraph.

14. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, DHS and CBP deny the allegations in this paragraph.

15. Denied.

16. Defendants reassert and incorporate by reference its responses to all preceding paragraphs.

17. Denied.

18. Defendants reassert and incorporate by reference its responses to all preceding paragraphs.

19. Denied.

The remainder of the Complaint contains Plaintiff's prayers for relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief prayed for or to any relief whatsoever.

Defendants specifically deny each allegation of Plaintiff's Complaint not otherwise answered. Therefore, having fully answered the Complaint, Defendant prays judgment:

1. That Plaintiff is not entitled to the relief requested in its Complaint, or to any relief;

2. That judgment be entered for the Defendant and that this action be dismissed with prejudice;

3. That Defendant be awarded its costs of suit; and,

4. That Defendant be granted any and al other relief that the Court deems just and proper.

Dated: July 18, 2008                                  Respectfully submitted,


_____/s/_____

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____

CINDY OWENS, D.C. BAR # 491465
Special Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-2257
(202) 514-8780 (fax)
cindy.owens@usdoj.gov


Of Counsel:
SIMON FISHEROW, U.S. Customs and Border Protection
DAVID PALMER, U.S. Department of Homeland Security

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, )<br><br>Plaintiff, )<br><br>v. )<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, )<br><br>Defendant. ) | Civil Action No. 08-1046 (JDB) |

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.4(d), Defendant's Answer was served on Plaintiff on July 18, 2008 by the Court's Case management/Electronic Case Filing (CM/ECF) System.

/s/
CINDY S. OWENS
Special Assistant U.S. Attorney

2008F3054

# CREW | citizens for responsibility and ethics in washington

March 17, 2008

**By U.S. Mail & Fax (202-572-8755)**
Attn: FOIA Officer
U.S. Customs and Border Protection
1300 Pennsylvania Ave., NW
Attn: Mint Annex Building, FOIA Division
Washington, D.C. 20229

Re: **Freedom of Information Act Request**

Dear FOIA Officer:

Citizens for Responsibility and Ethics in Washington ("CREW") makes this request for records, regardless of format, medium, or physical characteristics, and including electronic records and information, audiotapes, videotapes and photographs, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq. and Department of Homeland Security ("DHS") regulations, 6 C.F.R. Part 5.

Specifically, CREW seeks any and all records dating from January 20, 2001 to the present reflecting communications concerning Ray L. Hunt, Hunt Consolidated, Inc., or any properties known to be owned by Ray L. Hunt and/or Hunt Consolidated, Inc., and the construction of fencing along the border between the U.S. and Mexico. This request includes, but is not limited to, any documents reflecting "input" sought or received from Mr. Hunt and/or Hunt Consolidated, Inc. concerning the question of where to construct a fence or fences along the southern border of the United States. As used herein the word "input" has the same meaning as used in the statement of Secretary Chertoff in his October 1, 2007 "Leadership Journal" entry on the Department of Homeland Security website (attached as Exhibit A).[1] Further, CREW seeks all records discussing or reflecting where fencing should be constructed along the U.S. border

---

[1] See http://www.dhs.gov/journal/leadership/labels/border%20security.html (statement of Secretary Chertoff), Oct. 1, 2007, *last visited* February 20, 2008 ("Contrary to what's been reported in the media, we haven't decided where fencing [along the U.S. border with Mexico] will be built, nor will we make that decision arbitrarily. We will look to the Border Patrol to decide what it considers the highest priority areas based on illegal, cross-border activity and its operational needs. *We will also seek input from local communities, including landowners* and state and local officials. We've already contacted close to 600 landowners and held 18 town hall meetings to move this process forward, and I've personally met with community leaders in several states. In addition, we will conduct the necessary engineering assessments and weigh environmental concerns prior to fence construction.") (emphasis added)

Defendant's Exhibit A

with Mexico.

Please search responsive records regardless of format, medium, or physical characteristics. Where possible, please produce records electronically, in PDF or TIF format on a CD-ROM. We seek records of any kind, including electronic records, audiotapes, videotapes, and photographs. Our request includes any telephone messages, voice mail messages, daily agenda and calendars, information about scheduled meetings and/or discussions, whether in-person or over the telephone, agendas for those meetings and/or discussions, participants included in those meetings and/or discussions, minutes of any such meetings and/or discussions, the topics discussed at those meetings and/or discussions, e-mail regarding meetings and/or discussions, e-mail or facsimiles sent as a result of those meetings and/or discussions, and transcripts or notes of any such meetings and/or discussions.

If it is your position that any portion of the requested records is exempt from disclosure, CREW requests that you provide it with an index of those documents as required under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1972). As you are aware, a Vaughn index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." Founding Church of Scientology v. Bell, 603 F.2d 945, 949 (D.C. Cir. 1979). Moreover, the Vaughn index must "describe each document or portion thereof withheld, and for **each** withholding it must discuss the consequences of supplying the sought-after information." King v. U.S. Dep't of Justice, 830 F.2d 210, 223-24 (D.C. Cir. 1987) (emphasis added). Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'" Id. at 224 (citing Mead Data Central v. U.S. Dep't of the Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977).

In the event that some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. See 5 U.S.C. § 552(b). If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document. Mead Data Central, 566 F.2d at 261. Claims of nonsegregability must be made with the same degree of detail as required for claims of exemptions in a Vaughn index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

### Request for Expedition

Pursuant to 5 U.S.C. §552(a)(6)(E)(i) and DHS regulations, 6 CFR §5.5(d), CREW requests that DHS expedite the processing of this request in light of the compelling need for the requested information. There exists an urgent need to inform the public about federal government activity in deciding which locations are selected for the construction of fences along the border

Defendant's Exhibit A

between the United States and Mexico. Once fence construction locations have been selected and fences built, it will be difficult, if not impossible, for such decisions to be reversed. The selection of such locations has been the topic of frequent public commentary and discussion. See, e.g., Melissa Del Bosque, Holes in the Wall, *The Texas Observer* (Feb. 18, 2008) (attached as Exhibit B); Claudine LoMonaco, Part of U.S.-Mexico Border Fence on Wildlife Refuge, *NPR Radio* (Dec. 6, 2007) (attached as Exhibit C).

Further, CREW is primarily engaged in disseminating information. CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to protecting the right of citizens to be aware of the activities of government officials and to ensuring the integrity of those officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the government decision-making process. The release of information garnered through this request is not in CREW's financial interest. CREW will analyze the information responsive to this request, and will likely share its analysis with the public, either through memoranda, reports or press releases. CREW has an established record of carrying out these types of activities, as evidenced through its website, www.citizensforethics.org. Currently, the CREW website contains links to thousands of pages of documents acquired from FOIA requests. See http://citizensforethics.org/activities/foia.php. Visitors to CREW's website can peruse the FOIA request letters, the responses from government agencies, and a growing number of documents responding to FOIA requests. CREW's virtual reading room provides around-the-clock access to anyone interested in learning about the government activities that were the focus of CREW's FOIA requests. The CREW website also includes documents relating to CREW's FOIA litigation, Internal Revenue Service complaints, and Federal Election Commission complaints. In addition, CREW will disseminate any documents it acquires from its request to the public through www.governmentdocs.org, an interactive website CREW founded that includes thousands of pages of public documents from a number of organizations in addition to CREW.

As with the Electronic Privacy Information Center and the ACLU, two organizations that the courts have found satisfy the criteria necessary to qualify for expedition,[2] CREW "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience." ACLU, 321 F.Supp.2d at 30 n.5 (quotation omitted).

Pursuant to 6 CFR §5.5(d)(3), I hereby certify that the bases for CREW's request for expedition, as set forth herein, are true and correct to the best of my knowledge and belief. Accordingly, CREW requests that DHS expedite its processing of this FOIA request.

---

[2] See ACLU v. Dep't of Justice, 321 F.Supp.2d 24, 30 (D.D.C. 2004), EPIC v. Dep't of Defense, 241 F.Supp.2d 5, 11 (D.D.C. 2003).

3

Defendant's Exhibit A

### Fee Waiver Request

In accordance with 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. Part 5, CREW requests a waiver of fees associated with processing this request for records. The waiver is in the public interest because furnishing the information primarily benefits the general public. The subject of this request concerns the operations of the federal government and expenditures, and the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes. 5 U.S.C. §552(a)(4)(A)(iii). See, e.g., McClellan Ecological v. Carlucci, 835 F.2d 1282, 1285 (9th Cir. 1987).

The records requested by CREW are likely to contribute to the public's understanding of how DHS arrives at decisions of where to build fences along the border between the United States and Mexico pursuant to, among other statutory provisions, the Secure Fence Act of October 2006. Pub.L. 109-367 (Oct. 26, 2006). This policy issue has been the subject of frequent press inquiry and public debate. See, e.g., attached Exhibit B; attached Exhibit C.

Under these circumstances, CREW fully satisfied the criteria for a fee waiver.

### Conclusion

Please respond to this request in writing within an expedited time-frame. If all of the requested documents are not available within that time period, CREW requests that you provide all requested records or portions of records that are available within that time period.

If you have any questions about this request or foresee any problems in releasing fully the requested records within the twenty-day period, please contact me at (202) 408-5565. Also, if CREW's request for a fee waiver is not granted in full, please contact our office immediately upon making such determination. Please send the requested documents to William C. Holmes, Citizens for Responsibility and Ethics in Washington, 1400 Eye Street, N.W., Suite 450, Washington, D.C. 20005.

Sincerely,

William C. Holmes
Counsel
Citizens for Responsibility and Ethics in Washington

Defendant's Exhibit A