UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>    Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendant. | Civil Action No.  08-1046 (JDB) |

## ORDER

Currently before the Court is [17] Defendant Department of Homeland Security's ("DHS") motion for disclosure schedule seeking to establish a schedule for the processing and release of emails responsive to the second part of Plaintiff Citizens for Responsibility and Ethics in Washington's ("CREW") FOIA request.  In its accompanying status report [16], DHS represents that one of its components, U.S. Customs and Border Protection ("CBP"), "has custody and control of the majority of potentially responsive records."  Def.'s Mot. at 2.  DHS further represents that CBP has identified 25 individuals within the agency who are "most likely" to have responsive emails, and the search should be confined to that group.  Id.  In turn, CREW has asked CBP to disclose the names of these 25 individuals before CREW agrees to narrow or otherwise alter the proposed search terms.  CBP has refused this request and contends that CREW does not need this information to narrow the scope of its FOIA search.  Consequently, CBP proposes a schedule that would give it until January 23, 2009 to submit a status report, and until February 20, 2009 to process and release the first 1,000 pages of responsive emails.  CBP's proposed schedule is open-ended and does not represent that processing will be completed by a date certain.  CREW

opposes that request, contending that CBP has not adequately justified its proposed schedule under governing law.

The Court finds that CBP's proposed disclosure schedule is unacceptable. Initially, and to the extent that it is applicable, CBP has not made the necessary showing under <u>Open America v. Watergate Special Prosecution Force</u>, 547 F.2d 605 (D.C. Cir. 1976), to justify additional time to respond to CREW's request. Next, it is unreasonable for CBP to expect that CREW should agree to a disclosure schedule and narrowed search terms -- that could potentially compromise CREW's FOIA rights -- without learning the proposed search terms and the names of the 25 CBP employees who are alleged to be the custodians of the information most relevant to CREW's FOIA request. CBP has determined that these 25 individuals are those "most likely" to have responsive emails. It is not hard to imagine that, after learning the names of the 25 individuals, CREW could disagree with CBP's assessment and insist upon substitute or additional custodians. Finally, through the combination of the production of responsive emails and the accompanying <u>Vaughn</u> index, for withheld emails, it seems likely that the names of the 25 CBP employees will eventually effectively be disclosed to CREW anyway. CBP's refusal to disclose the names in good faith discussions with CREW regarding scheduling seems counter-productive and not designed to achieve a reasonable compromise.

Therefore, upon consideration of Defendant's motion, [18] Plaintiff's opposition, Defendant's status report, and the entire record herein, it is hereby **ORDERED** that the motion is **DENIED**.

It is further **ORDERED** that the parties shall confer promptly regarding a schedule for the processing and release of emails responsive to the second part of Plaintiff's FOIA request.

It is further **ORDERED** that by no later than November 21, 2008, the parties shall submit a joint status report setting forth an agreed upon proposed disclosure schedule; if the parties cannot agree upon a schedule, then the joint status report shall set forth specific competing proposed disclosure schedules.

It is further **ORDERED** that any proposed disclosure schedule shall include Defendant's good faith estimate of the total volume of emails to be processed, and a date by which the processing and release of emails shall be completed.

/s/

JOHN D. BATES
United States District Judge

Dated:  November 11, 2008